IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2002

## STATE OF TENNESSEE v. KEVIN ISLAND

**Appeal from the Criminal Court for Shelby County**
**No. 01-00010     Bernie Weinman, Judge**

-------

**No. W2001-02171-CCA-R3-CD  - Filed September 16, 2002**

-------

Kevin Island appeals from his Shelby County conviction of robbery.  He claims that the evidence presented at trial was insufficient to sustain the conviction.  We disagree and affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Donna Armstard and Glenda Adams, Memphis, Tennessee, for the Appellant, Kevin Island.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille McMullen, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In the light most favorable to the state, the trial evidence demonstrated that on June 26, 2000, the defendant and a juvenile stood outside the entrance to a Maxi Foods store in Shelby County during a rain storm. Sandra Woodard approached the entrance, and the defendant commented to her about the heavy rain.  The defendant forcefully yanked Ms. Woodard's purse twice, causing her to fall against a wall, and ran away with the purse.  The juvenile fled also, but a bystander gave chase, apprehended him, and returned him to the scene shortly thereafter.  Ms. Woodard identified the juvenile as one of the perpetrators based upon his clothing, although she was never able to identify the juvenile and the defendant by their facial appearances.

A few days after the crime, Ms. Woodard's purse and some of its contents were discovered in a field near an apartment complex.

An officer of the Memphis Police Department's Robbery Bureau testified that the juvenile was arrested in connection with this crime. The juvenile gave a statement implicating the defendant.

The defendant was questioned and admitted his involvement in the crime. He said that he was the one who spoke to the victim about the rain and who took the victim's purse. He and the juvenile ran into an apartment complex and split the money that was inside the purse. The defendant signed a written, inculpatory statement.

During pre-trial proceedings, the defendant sought to suppress evidence of his confessory statements. However, the court rejected the defendant's claim that he had been afforded less than full constitutional guarantees when he was questioned and when he ultimately gave verbal and written confessions.

At trial, the jury rejected the defendant's testimony that he had been at his aunt's home in Tunica, Mississippi on the date of the crime. The jury likewise heard and rejected the defendant's testimony that he had been framed by the juvenile and the juvenile's brother, the latter of whom did not like him. Furthermore, the jury rejected the defendant's claim that despite his innocence and his repeated denials of any involvement in the crime, he inculpated himself in a written statement only after his request for counsel was denied and he was intimidated by the police officer who questioned him. The jury found the defendant guilty of the charged offense of robbery.

Following an unsuccessful motion for new trial, the defendant filed this appeal. The only issue he presents is that of sufficiency of the evidence.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. *Id*. In *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court

said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the state."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. *Id.*

The defendant argues that the jury erroneously rejected his testimony that his statement was not given voluntarily and otherwise not taken in compliance with *Miranda v. Arizona*, 384 U.S. 436, 442, 86 S. Ct. 1602, 1612 (1966). He claims that had the jury disregarded his inculpatory verbal statements to the investigating officer and his signed, written statement, there would be no other physical evidence or testimony linking him to the offense. Thus, he argues, the jury should have acquitted him.

In simplest terms, the defendant has asked us to reweigh the evidence in his favor, notwithstanding the legal prohibition on our doing so. *See Matthews*, 805 S.W.2d at 779; *Cabbage*, 571 S.W.2d at 835; *Liakas*, 199 Tenn. at 305, 286 S.W.2d at 859. As an appellate court, we must afford the state the strongest legitimate view of the evidence and defer to the jury's resolution of credibility issues. *Grace*, 493 S.W.2d at 476. In the present case, the jury obviously found the defendant's testimony incredible, and the state's proof is sufficient to carry its burden of demonstrating guilt beyond a reasonable doubt. We are not free to disturb the jury's resolution of these factual issues.

The state's trial evidence showed that the defendant, through physical force, took the victim's purse. The proof revealed that the defendant's juvenile accomplice identified the defendant as a principal. The defendant made oral and written confessions to the crime. The victim's purse and some of its contents were recovered in a location consistent with the defendant's account of where the purse had been discarded. Viewed in the light most favorable to the state, this evidence sufficiently supports the defendant's robbery conviction.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-